IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-HC-2025-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL WAYNE PARSONS, | ) | |
| | ) | |
| Respondent. | ) | |

This case, brought under 18 U.S.C. § 4248 ("§ 4248"), comes before the court on a motion (D.E. 17) filed by respondent on 21 March 2017. The motion seeks to allow respondent's counsel to attend the mental health examinations by Dr. Diane Lytton, Dr. Joseph Plaud, and Dr. Gary Zinik that have been ordered by the court. *See* 13 Feb. 2017 Ord. (D.E. 7), 2 Mar. 2017 Ord. (D.E. 10), 17 Mar. 2017 Ord. (D.E. 16).

Respondent has not shown that the purported need for his counsel's presence at the examination cannot be met by other means. For example, counsel can learn the manner in which each examination is conducted by reviewing the examination reports and taking depositions of the examiners. Similarly, respondent has not demonstrated that his counsel's purported rapport with him would yield a more effective examination than the examiners' professional training and experience can obtain.

Moreover, the presence of respondent's counsel at an examination presents a risk of affecting the results acquired, possibly in ways that would be difficult, if not impossible, to identify and quantify. In addition, if respondent's counsel were permitted to attend, fairness would likely require that the government's counsel also be permitted to attend, as it requests. The presence of yet another person at an examination, particularly opposing counsel seeking

respondent's commitment for an indefinite period, would seem to increase the risk of affecting

the results of the examination.

For this and the other reasons stated, respondent's motion is DENIED.

SO ORDERED, this 24th day of March 2017.

James E. Gates
United States Magistrate Judge