UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2025-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| DANIEL WAYNE PARSONS | |

This matter is before the court on respondent's 11 September 2017 motion to dismiss the certificate of sexually dangerous person filed by the government because it was not filed within the four-year statute of limitations under 28 U.S.C. § 1658(a). (DE # 42.) Also before the court is respondent's 12 March 2018 motion to dismiss the certificate against him because of the delay awaiting decision in this case. (DE # 56.)

By way of background, on 8 February 2017, the government certified respondent as a sexually dangerous person pursuant to 18 U.S.C. § 4248. (DE # 1.) This certification automatically stayed respondent's release from federal custody. See 18 § U.S.C. 4248(a). Respondent's projected release date was on 3 September 2017. (See DE # 1-1, ¶ 3.) The court held an evidentiary hearing on 30 November 2017, and heard testimony from five experts regarding whether respondent met the criteria for commitment under § 4248. The court allowed the parties to file proposed findings of facts after the hearing, (DE ## 47, 53), and the parties filed their proposed findings on 19 December 2017, (DE ## 54, 55).

The court first addresses respondent's argument that the four-year civil statute of limitations set forth in 28 U.S.C. § 1658(a) is applicable to civil commitment proceedings under

§ 4248. At the time of briefing, both parties acknowledged this issue was pending in the Fourth Circuit Court of Appeals in the case of United States v. Searcy. The Fourth Circuit recently issued its opinion in Searcy, 880 F.3d 116, 124 (4th Cir. 2018), in which it held that the "the catch-all statute of limitations in 28 U.S.C. § 1658(a) does not apply" to civil commitment proceedings under 18 U.S.C. § 4248. "[T]he Court found that because those certified as sexually dangerous must be in federal custody at the time of certification, a de facto statute of limitations period already exists, and the additional catch-all period under 28 U.S.C. § 1658(a) is unnecessary." United States v. Schmidt, No. 5:17-HC-2008-BO, 2018 WL 1183391, at * 1 (E.D.N.C. Mar. 7, 2018) (citing Searcy, 880 F.3d at 122). Because the Searcy opinion resolves plaintiff's initial motion, (DE # 42), that motion must be denied.

Next, the court addresses respondent's argument that the certificate against him should be dismissed because the period of time that has elapsed since his hearing, over three months, violates his constitutional rights for a timely hearing and decision. (DE # 56.) Respondent contends that a three-month delay awaiting a decision from the court renders the statute unconstitutional as to him under the balancing test described in Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976). Subsequent to Mathews, the Supreme Court "slightly reformulated the factors for use in assessing the permissibility of post-deprivation process delay[.]" United States v. Timms, 664 F.3d 436, 451 (4th Cir. 2012). The Supreme Court instructed that:

> In determining how long a delay is justified in affording a post-[deprivation] hearing and decision, it is appropriate to examine the importance of the private interest and the harm to this interest occasioned by delay; the justification offered by the Government for delay and its relation to the underlying governmental interest; and the likelihood that the interim decision may have been mistaken.

Fed. Deposit Ins. Corp. v. Mallen, 486 U.S. 230, 242 (1988). This test "evaluate[s] the sufficiency of particular procedures while also avoiding the establishment of rigid rules due to the recognition that the requirements of due process are flexible and cal[l] for such procedural protections as the particular situation demands." Timms, 664 F.3d at 451 (citations and internal quotation marks omitted).

Here, the government concedes that respondent possesses a substantial private interest affected by the certification under § 4248. (See Gov'ts Resp., DE # 58, at 3.) Thus, the private liberty interest factor clearly weighs in respondent's favor. Additionally, the likelihood that the interim decision may have been mistaken weighs in respondent's favor. See Timms, 664 F.3d at 451 (applying the Mallen test and finding that the second factor favored the respondent because § 4248 requires no specific steps before certifying someone "other than the signatory's determination that the person meets the criteria for being 'sexually dangerous,'" and "requires no precertification hearing or other initial adversarial review").

However, in his motion, respondent concedes that "the government has not contributed to the three-month delay in a decision." (Resp.'s Mot., DE # 56, at 2.) Where the government's lawful exercise of its authority under § 4248 is not to blame for the delay between certification and the evidentiary hearing, the Fourth Circuit has determined that a nearly four-month delay does not violate due process. See Timms, 664 F.3d at 454 (finding that the government was not responsible for the delay between the end of respondent's period of incarceration and the evidentiary hearing and concluding that, under those circumstances, holding a hearing almost four months after the respondent requested it "did not constitute a due process violation"); see also United States v. Bolander, 722 F.3d 199, (4th Cir. 2013) ("[L]ike the respondent in Timms, Bolander's due process claim fails because the last inquiry, the government's interest and the

justification offered by the government for the delay, weighs decidedly in the government's favor."). The decision in Timms suggests that a similar delay between an evidentiary hearing and a final decision is reasonable and does not violate due process.

Furthermore, even in cases where there is a due process denial, "the proper remedy [is] not dismissal of the certification and release[.]" Timms, 664 F.3d at 455 n.19. Rather, the proper remedy is to "adjudicate whether [the respondent] is a 'sexually dangerous person' under the statute." Id. Here, respondent has received an evidentiary hearing and awaits a final decision from this court. See United States v. Broncheau, 645 F.3d 676, 688 (4th Cir. 2011) (Wynn, J., concurring) ("[A] hearing held within a reasonable time after confinement begins is an acceptable means of supplying requisite due process." (quotation omitted)). Accordingly, respondent's motion to dismiss the certificate on this basis must also be denied.

For the foregoing reasons, respondent's motion to dismiss the certificate of sexually dangerous person filed by the government because it was not filed within the civil statute of limitations, (DE # 42), is DENIED. Respondent's motion to dismiss the certificate filed against him on constitutional grounds, (DE # 56), is also DENIED.

This 16 April 2018.

                                                                     _____
                                                                              W. Earl Britt
                                                                              Senior U.S. District Judge